# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1899V
(not to be published)

|  |  |
|---|---|
| TINA WICKS,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 28, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 18, 2020, Tina Wicks filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered to her on September 24, 2019. Petition at 1. On September 27, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 35.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, dated February 24, 2023 (ECF No. 41), requesting a total award of $13,327.98 (representing $12,558.50 in fees and $769.48 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. Id. at 2. Respondent did not file a response thereafter. Respondent reacted to the motion on March 6, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 42. By email correspondence on March 7, 2023, counsel for Petitioner informed the SPU fees paralegal that Petitioner did not intend to file a reply to Respondent's response. See *Informal Remark*, March 7, 2023.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorney Amy A. Senerth at the following rates: $275 per hour for time billed in 2020; $300 per hour for time billed in 2021; and $350 per hour for time billed in 2022. Petitioner also requests compensation for attorney Maximillian Muller at the rate of $325 per hour for time billed in 2019; and $375 per hour for time billed in 2021. (ECF No. 41 at 1).

The hourly rates requested for Mr. Muller and Ms. Senerth for their time billed in 2019-2021 are reasonable, and consistent with previously awarded rates and shall therefore be awarded herein. Ms. Senerth, however, was previously awarded the rate of $325 per hour for time billed in 2022, less than what is being requested herein. *See Babyak* v. *Sec'y of Health & Human Servs.,* No. 20-0495V, 2022 WL 2288692 (Fed. Cl. Spec. Mstr. May 19, 2022); *Neiman* v. *Sec'y of Health & Human Servs.,* No. 20-445V, 2022 WL 2282444 (Fed. Cl. Spec. Mstr. May 12, 2022); *Johnston* v. *Sec'y of Health & Human Servs.,* No. 19-0822V, 2022 WL 2387528 (Fed. Cl. Spec. Mstr. May 27, 2022). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce Ms. Senerth's rate to $325 per hour for her time billed in 2022, to be consistent with her previously awarded rate. This results in a reduction of attorney's fees to be awarded of **$215.00**.[3]

## ATTORNEY COSTS

Petitioner requests $769.48 in overall costs. (ECF No. 41 at 14). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$13,112.98** (representing $12,343.50 in fees and $769.48 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

---

[3] This amount consists of ($350 - $325 = $25 x 8.60 hrs = $215.00).

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.